UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARNELL DWAYNE HARRIS,

                         Plaintiff,        **1:15-cv-00180 (MAT)**

                                         **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

                         Defendant.

---

## I. Introduction

Plaintiff Carnell Dwayne Harris("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("defendant" or "the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**II. Procedural History**

Plaintiff protectively filed applications for DIB and SSI on October 19, 2011, alleging disability due to back and neck pain, diabetes, hepatitis C, and depression. Administrative Transcript ("T.") 136-58. Plaintiff's applications were denied and he requested a hearing before an administrative law judge ("ALJ"), which occurred on July 16, 2013, before ALJ William Straub. T. 34-60, 80-95. On August 15, 2013, ALJ Straub issued a decision in which he found plaintiff not disabled as defined in the Act. T.14-26. The Appeals Council denied plaintiff's request for review. T. 1-7. Plaintiff subsequently commenced the instant action.

**III. The ALJ's Decision**

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2011. T. 16. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 7, 2011, the amended alleged onset date. *Id*. At step two, the ALJ found that plaintiff had the severe impairments of cervical disc herniation, lumbago, hepatitis C, diabetes mellitus, depression, and polysubstance abuse (in remission). *Id*. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T. 17. Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20

CFR 404.1567(b) and 416.967(b) except that he is limited to understanding, remembering, and carrying out simple instructions. T. 18. At step four, the ALJ found that plaintiff was able to perform past relevant work as a cleaner and a sterilizer. T. 25. At step five, the ALJ made the alternative finding that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. *Id.* Accordingly, the ALJ found that plaintiff was not disabled. T. 26.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

Here, plaintiff makes the following arguments in favor of his motion for judgment on the pleadings: 1) the ALJ's physical RFC finding was not based on substantial evidence because the opinion of consultative physician Dr. Hongbiao Liu was impermissibly vague; and 2) the ALJ's mental RFC was not based on substantial evidence because the ALJ lacked a compelling justification to reject the opinions of state agency consultants Dr. Thomas Ryan and Dr. M.

Totin. For the reasons discussed below, the Court finds these arguments without merit.

**A. Dr. Liu's Opinion was Not Impermissibly Vague**

On April 28, 2012, Dr. Liu performed a consultative examination of plaintiff. T. 423-26. On physical examination, plaintiff's range of motion in his cervical spine was flexion 35 degrees, extension 35 degrees, rotation right and left 70 degrees, and lateral flexion right and left 35 degrees. T. 425. Plaintiff had a full range of motion in his thoracic and lumbar spine, as well as in his shoulders, elbows, forearms, wrists, and fingers. *Id*. His grip strength was slightly diminished at 4/5 bilaterally. *Id*. Dr. Liu assessed plaintiff with hypothyroidism (stable), hepatitis c, anxiety/depression, chronic neck pain, gastric reflux disease (stable), hypertension, type 2 diabetes, and migraine headaches. T. 426. Dr. Liu opined that plaintiff had "mild limitations for his routine activities" and "should try to avoid lifting, carrying, bending, kneeling, and overhead reaching." *Id*. In his decision, the ALJ gave Dr. Liu's opinion "significant weight." T. 20-21. He noted that it was consistent with the objective examination findings and with the observations of consultative physician Dr. Zair Fishkin. T. 21.

Relying on *Curry v. Apfel*, 209 F.3d 117 (2d Cir. 2000) and *Selian v. Astrue*, 708 F.3d 409 (2nd Cir. 2013), Plaintiff argues that Dr. Liu's opinion was impermissibly vague and thus did not constitute substantial evidence in support of the ALJ's RFC

4

finding.  Plaintiff's argument relies on an overly broad reading of *Curry* and *Selian*, and ignores the other evidence of record supporting the ALJ's RFC finding.

It is well-established that the opinion of a consultative examiner may serve as substantial evidence in support of an ALJ decision. *See, e.g.,* *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011).  Moreover, and contrary to plaintiff's argument, *Curry* and *Selian* "do[] not stand for the broad proposition that a medical source opinion which uses terms like 'mild' or 'moderate' is always too vague to constitute substantial evidence."  *O'Bara v. Colvin*, 2017 WL 2618096, at *2 (W.D.N.Y. June 16, 2017) (internal quotation omitted).   Instead, courts in this Circuit have concluded that *Curry* and *Selian* are "inapplicable, even though a medical examiner uses terms like 'mild' or 'moderate,' if the examiner conducts a thorough examination and explains the basis for the opinion." *Richardson v. Colvin*, 2016 WL 3179902, at *7 (W.D.N.Y. June 8, 2016).

In this case, the Court concludes that "Dr. Liu's medical source statement was not so vague that it could not serve as an adequate basis for determining [plaintiff's RFC]."  *Boltz v. Berryhill*, 2017 WL 999204, at *5 (W.D.N.Y. Mar. 15, 2017).  This Court's decision in *Boltz* is instructive.  There, Dr. Liu conducted a consultative examination of the plaintiff and opined that she "ha[d] mild to moderate limitation for her routine activities" and "should try to avoid lifting, carrying with the arms, bending,

5

kneeling, and overhead reaching," and the ALJ afforded that opinion "great weight." *Id*. at *3. The Court rejected the plaintiff's argument that Dr. Liu's opinion was too vague to constitute substantial evidence, explaining that it was supported by his own physical examination and consistent with the medical record as a whole, and that "[u]nlike the consultative examiners' opinions in *Selian* [and] *Curry* . . ., Dr. Liu's opinion that [the plaintiff] would have 'mild to moderate limitations in routine activities' was immediately followed by the specific opinion that [the plaintiff] 'should avoid lifting and carrying with her arms, in addition to overhead reaching, bending, and kneeling.'" *Id*. at *4-5.

Here, as in *Boltz,* Dr. Liu's opinion is supported by his own physical examination and consistent with the record as a whole. In particular, the ALJ noted that plaintiff did not report any back pain to Dr. Liu and that he had a full range of motion in his shoulders, elbows, forearms, wrists, and fingers. T. 20-21. The ALJ further explained that Dr. Liu's opinion was consistent with Dr. Fishkin's physical examination findings. T. 21. Moreover, in June 2012, plaintiff's treating physician Dr. Pratibha Bansal evaluated plaintiff and found that his range of motion, gait, and motor strength were largely normal and that straight leg raising and sensation testing were negative. T. 539-41. Under these circumstances, the ALJ did not err in relying on Dr. Liu's opinion in formulating plaintiff's physical RFC.

6

### B. The ALJ Properly Weighed the Opinions of Drs. Ryan and Totin

Dr. Ryan performed a psychological evaluation of plaintiff on April 28, 2012. T. 419-22. Dr. Ryan performed a mental health status examination which showed that plaintiff's thought processes were coherent and goal-directed with no evidence of hallucinations, delusions, or paranoia, his affect was appropriate to his speech and thought content, he was oriented to person, place and time, and his attention and concentration were intact. *Id*. Plaintiff's recent and remote memory skills were mildly impaired, his cognitive functioning was below average, and his insight and judgment were somewhat poor. T. 421. Dr. Ryan assessed plaintiff with cocaine abuse and depressive disorder with psychotic feature and opined that he "can follow and understand simple directions, perform simple tasks, maintain attention and concentration, and maintain a regular schedule. He may have moderate limitations in his ability to learn new tasks, perform complex tasks, make adequate decisions at this time, relate with others, and deal with stress." T. 421-22.

Dr. Totin, a non-examining state agency review psychologist, reviewed plaintiff's medical records on May 1, 2012. T. 427-57. Dr. Totin concluded that there was insufficient evidence to render an opinion regarding plaintiff's condition prior to September 11, 2011. T. 427-440. With respect to plaintiff's current condition,

Dr. Totin concurred with Dr. Ryan's opinion, and added that plaintiff would have moderate limitations with respect to his abilities to: understanding, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; and set realistic goals or make plans independently of others. T. 455-56.

In his decision, the ALJ gave "less than significant weight" to the opinions of Drs. Ryan and Totin. With respect to Dr. Ryan's opinion, the ALJ explained that plaintiff appeared to have misrepresented his symptoms to Dr. Ryan, minimizing his activities of daily living and social interactions and claiming to have thoughts of self-harm and auditory hallucinations when he had expressly denied suicidal ideation and hallucinations on many other occasions. T. 23. Turning to Dr. Totin's opinion, the ALJ explained that it suffered from the same deficiencies as Dr. Ryan's report, on which it relied "almost exclusively." T. 24. The ALJ did credit those portions of Dr. Ryan's and Dr. Totin's opinions that were supported by the objective evidence of record, including plaintiff's mental status examination. T. 23.

Plaintiff contends that the ALJ improperly "rejected" Dr. Ryan's and Dr. Totin's opinions without citing to another medical

8

opinion. Plaintiff overstates the ALJ's actions. The ALJ did not "reject" these opinions. To the contrary, he gave them some weight and incorporated certain of the limitations set forth therein into his RFC finding. "Notably, it is within the ALJ's 'province' in resolving the evidence to accept parts of a doctor's opinion and to reject others." *See Wilburn v. Colvin*, 2016 WL 1237789, at *6 (N.D.N.Y. Feb. 29, 2016) (quoting *Veino v. Barnhart*, 312 F.3d 578, 588-89 (2d Cir. 2002)). "Although the ALJ's conclusion may not perfectly correspond with . . . the opinions of medical sources cited in his decision, he [is] entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

Here, the ALJ adopted parts of Dr. Ryan's and Dr. Totin's opinions and rejected others. In particular, he accepted Dr. Ryan's conclusions regarding plaintiff's ability to follow and understand simple directions, perform simple tasks, maintain attention and concentration, and maintain a regular schedule, because these conclusions were supported by the medical evidence of record, while rejecting Dr. Ryan's conclusions that relied on plaintiff's inconsistent allegations about his symptoms. T. 23. The ALJ was entitled to discount those portions of Dr. Ryan's and Dr. Totin's opinions that were unsupported by the record. *See Rock v. Colvin*, 628 F. App'x 1, 4 (2d Cir. 2015) (it was proper for ALJ to discount portion of psychological examination that was "based

almost entirely upon subjective complaints during a single evaluation" and otherwise inconsistent with the record). In short, plaintiff has failed to demonstrate that the ALJ improperly weighted Dr. Ryan's and Dr. Totin's opinions or that the ALJ's mental RFC finding was otherwise not based on substantial evidence.

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 13) is denied and the Commissioner's motion (Doc. 18) is granted. Accordingly, the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **S/Michael A. Telesca**

                                      HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated:    September 18, 2017
            Rochester, New York.